# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-50104
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 21, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

LAURO BELTRAN,

Defendant - Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-631-1

Before JOLLY, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

A jury convicted Lauro Beltran of conspiracy to possess, with intent to distribute, five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. Beltran contends the evidence was insufficient to convict him because only circumstantial evidence linked him to the conspiracy, and that evidence was based primarily on the testimony of co-conspirators motivated to testify by the possibility of a sentence-reduction.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-50104

Beltran did not move, under Federal Rule of Criminal Procedure 29, for judgment or acquittal, based on insufficient evidence, at the close of the Government's case.    (Beltran did not present evidence.)    Therefore, his sufficiency-of-the-evidence claim is reviewed only for a manifest miscarriage of justice.  *United States v. Delgado*, 672 F.3d 320, 331 (5th Cir. 2012) (en banc) (citation omitted); *United States v. Salazar*, 542 F.3d 139, 142 (5th Cir. 2008) (citation omitted).  Under that very demanding standard, our court will reverse only if "the record is devoid of evidence of guilt or . . . the evidence is so tenuous that a conviction is shocking".  *Salazar*, 542 F.3d at 142 (citation and internal quotation marks omitted).

To establish a conspiracy under 21 U.S.C. § 846, the Government must prove beyond a reasonable doubt that "'(1) an agreement existed between two or more persons to violate federal narcotics law, (2) the defendant knew of the existence of the agreement, and (3) the defendant voluntarily participated in the conspiracy'".  *United States v. Thomas*, 690 F.3d 358, 366 (5th Cir. 2012) (quoting *United States v. Ochoa*, 667 F.3d 643, 648 (5th Cir. 2012)).  "To be a conspiracy, an express, explicit agreement is not required; a tacit agreement is enough."  *United States v. Westbrook*, 119 F.3d 1176, 1189 (5th Cir. 1997) (citation omitted).  Pertinent to the claim at hand, the elements of a conspiracy offense "may be established solely by circumstantial evidence".  *Id.* at 1189 (citation omitted).

Beltran falls far short of demonstrating the requisite "manifest miscarriage of justice".  The evidence at trial was that Beltran conspired with Rigo Berto Arenas and Armando Luis Ramirez to possess, with intent to distribute, cocaine.  For example, Beltran recruited both Ramirez and Arenas to transport narcotics from Mexico to various cities in the United States; telephone records showed Ramirez and Arenas were both in contact with a man

No. 14-50104

named "Franky" during the relevant time-period of the conspiracy; Ramirez and Arenas identified "Franky" as Beltran; Beltran was found in possession of almost $600,000 while traveling from Chicago, Illinois, to San Antonio, Texas, which was the same route Ramirez traveled for Beltran during a drug-trafficking trip; and Ramirez testified that Beltran told him he was involved in trafficking narcotics from Mexico to the United States.

To the extent Beltran challenges the credibility of the Government's witnesses, "the weight and credibility of the evidence is within the exclusive province of the jury". *United States v. Johnson*, 381 F.3d 506, 508 (5th Cir. 2004) (per curiam) (citation omitted). Further, Beltran fails to show the testimony of his co-conspirators relates to facts outside their observation or knowledge. *E.g., United States v. Valdez*, 453 F.3d 252, 257 (5th Cir. 2006) (citation omitted).

AFFIRMED.